THE DEREN COAT COMPANY, INC., Respondent, *v.* WILLIAM F. BECKER and Others, Doing Business under the Firm Name and Style of N. BECKER & SONS, Appellants.

Fourth Department, June 30, 1922.

**Sales — action to recover damages for breach of warranty and also to recover purchase price based upon rescission for such breach — measure of damages — evidence.**

Where two inconsistent causes of action are stated in the complaint arising out of the same breach of warranty, the first in affirmance of the contract to recover damages for the breach, and the second in disaffirmance of the sale to recover

the purchase price paid for the goods based upon rescission for such breach, a recovery cannot be had on the first cause of action where the only evidence to show the difference in value of the goods as warranted and as they were is the purchase price and the testimony of plaintiff's witness to the effect that the goods were of no value to him in his business, for there is no allegation that the defendants knew that the plaintiff bought the goods for a particular purpose. The rule that the difference in the value of the goods as warranted and as they actually were, allowing under certain contingencies for profits in manufacture, represents the damages, has no application to the action based upon rescission.

APPEAL by the defendants, William F. Becker and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 29th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Morrison & Schiff* [*Jacob R. Schiff* and *Samuel W. Dorfman* of counsel], for the appellants.

*Pitcher & O'Brien* [*F. B. Pitcher* of counsel], for the respondent.

PER CURIAM:

Two inconsistent causes of action are stated in the complaint arising out of the same breach of warranty: One, in affirmance of the contract to recover damages for the breach, and the other, in disaffirmance of the sale, to recover the purchase price paid for the goods based upon rescission for such breach.

Assuming, as contended by respondent, that the action was tried upon the theory of rescission and not to recover damages for the breach of warranty, the rule of damages adopted was the difference in value of the goods as warranted and as they actually were, allowing under certain contingencies for profits in manufacturing the goods as warranted into garments. Such a rule has no application to an action based upon rescission. If it was intended to submit the case to the jury as one for recovery of damages for the breach of warranty, the evidence is lacking to show the difference in value of the goods as warranted and as they were. The only evidence upon that subject is the purchase price and the testimony of plaintiff's witness to the effect that the cloth was unsuitable to make coats out of and of no value at all in his business.

As regards the special damages, there is no allegation in the first count of the complaint, which is for damages for breach of warranty, that the defendants knew that the plaintiff bought the goods for the purpose of manufacture into garments, as there is in the second count, based upon rescission.

All concur.

Judgment and order reversed on questions of law and facts and new trial granted, with costs to appellants to abide event. The reversal upon the facts is upon the ground that the verdict is against the evidence upon the question of damages.